Case 1:21-cv-02587-MHC   Document 1-1   Filed 06/25/21   Page 1 of 9

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-04031-S6**
**5/28/2021 9:53 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| KELVIS J. BASS, | * | |
| | * | CIVIL ACTION |
| *Plaintiff,* | * | FILE NO.: **21-C-04031-S6** |
| | * | |
| vs. | * | JURY TRIAL DEMANDED |
| | * | |
| DUKE ENERGY BUSINESS SERVICES LLC, and JOSEPH K. BROEMSEN, | * | |
| | * | |
| | * | |
| *Defendants.* | * | |

## COMPLAINT

Plaintiff in the above-styled action hereby shows the Court the following:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a citizen of Gordon County, Georgia.

2.

Defendant Joseph K. Broemsen is a nonresident motorist. Defendant Joseph K. Broemsen is a resident of Ohio, with a last known residence of 2535 Bethel Maple Road, Bethel, Clermont County, Ohio 45106-9407, where he may be served with legal process or wherever he may be found.

3.

This Court has personal jurisdiction over Defendant Broemsen, *inter alia*, pursuant to the Nonresident Motorist Act, the Long-Arm Statute, and other applicable law.

4.

Service may be perfected on Defendant Broemsen, *inter alia*, pursuant to the Long-Arm Statute, the Nonresident Motorist Act, and all other applicable law.

5.

Defendant Broemsen is a resident of Ohio, and said Defendant is subject to the jurisdiction of this Court under, *inter alia*, the authority of O.C.G.A. §§ 40-12-1 et seq., and may be served by serving the Secretary of State, State of Georgia, Brad Raffensperger, as agent, as provided by said laws. Brad Raffensperger, or his duly appointed agent for service of process, may be served at 2 Martin Luther King Jr. Drive, Suite 313 West Tower, Atlanta, GA 30334-1530.

6.

Venue is proper in this Court with respect to nonresident motorist Defendant Broemsen, *inter alia*, pursuant to O.C.G.A. § 40-12-3 because venue is proper as to resident Defendant Duke Energy Business Services LLC, who maintains a registered agent in Gwinnett County.

7.

At all times relevant to this Complaint, Defendant Broemsen resided outside the state of Georgia.

8.

Defendant Duke Energy Business Services LLC ("Duke Energy") is a foreign corporation incorporated under the laws of Delaware with its principal office address located at 550 South Tryon Street, DEC45A, Charlotte, North Carolina 28202. Defendant Duke Energy may be served with legal process by serving its registered agent for service of process, C T Corporation System, at 289 South Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

9.

This Court has personal jurisdiction over Defendant Duke Energy because it committed a tortious act in Georgia, by and through its agent.

10.

Venue is proper in this Court with respect to Defendant Duke Energy because, *inter alia,* it maintains a registered agent in Gwinnett County, Georgia.

## **OPERATIVE FACTS**

11.

On August 30, 2019, Defendant Broemsen was driving a commercial truck owned by Defendant Duke Energy.

12.

At the time of the subject wreck, Defendant Broemsen was operating and controlling the commercial truck as an employee and/or agent of Defendant Duke Energy.

13.

On August 30, 2019, Defendant Broemsen was operating the commercial truck in furtherance of Defendant Duke Energy's business as a motor carrier.

14.

At the time of the subject wreck, Defendant Broemsen was in the course and scope of his employment with Defendant Duke Energy.

15.

On August 30, 2019, at approximately 3:30 p.m., Plaintiff Kelvis Bass was travelling southbound on Interstate 75 in Cobb County, Georgia.

16.

Approaching congested traffic, Plaintiff stopped his vehicle.

17.

On or around that same time, Defendant Broemsen was driving the commercial truck

Copy from re:SearchGA

southbound on Interstate 75 and approaching Plaintiff's vehicle from behind.

18.

On or around that same time, Defendant Broemsen was following Plaintiff's vehicle too closely and struck the rear of Plaintiff's vehicle.

19.

The force of the collision thrust Plaintiff's vehicle into a stopped vehicle in front of Plaintiff.

20.

Defendant Broemsen was operating a commercial vehicle recklessly at the time of the collision. Despite a clear line of sight, Defendant struck Plaintiff's vehicle in the rear. The facts show that Defendant was either impaired, fatigued, or profoundly distracted at the time of the collision. Such misconduct demonstrates that entire want of care which would raise the presumption of conscious indifference to consequences.

21.

Prior to and at the time of the subject collision, Defendant Broemsen's past driving experience, history and/or credentials failed to meet the industry's minimum standards of competency for commercial truck drivers.

22.

Prior to and at the time of the subject collision, Defendant Duke Energy hired, supervised, and retained Defendant Broemsen in violation of the industry's minimum standards of care.

23.

Prior to and at the time of the subject collision, Defendant Duke Energy entrusted the subject commercial truck to Defendant Broemsen while it knew or should have known he did not meet the minimum competency standards to drive said truck.

24.

Defendant Duke Energy's actions as described in paragraphs 21-23, above, have demonstrated willful misconduct, malice, fraud, wantonness, oppression and/or that entire want of care which would raise the presumption of conscious indifference to consequences.

25.

As a result of the subject collision, Plaintiff sustained injuries that caused and continue to cause him mental and physical pain and suffering.

26.

As a result of the subject collision, Plaintiff incurred past medical expenses and will incur future medical expenses. Plaintiff's physical health and quality of life have been impaired.

27.

As a result of the subject collision, Plaintiff incurred and will continue to incur lost earnings.

## LIABILITY OF DEFENDANTS

## COUNT ONE: *RESPONDEAT SUPERIOR*

28.

Plaintiff incorporates herein all the factual allegations in the preceding paragraphs of this Complaint.

29.

Defendant Duke Energy is liable under the doctrine of *respondeat superior* for the tortious acts and omissions of its agents and employees, including Defendant Broemsen.

## COUNT TWO: NEGLIGENT HIRING, RETENTION, OR SUPERVISION

30.

Plaintiff incorporates herein all the factual allegations in the preceding paragraphs of this

Copy from re:SearchGA

Complaint.

31.

Defendant Duke Energy is liable for the negligent hiring, retention, and/or supervision of Defendant Broemsen.

## COUNT THREE: NEGLIGENT ENTRUSTMENT

32.

Plaintiff incorporates herein all the factual allegations in the preceding paragraphs of this Complaint.

33.

Defendant Duke Energy is liable for negligently entrusting a vehicle for use by Defendant Broemsen.

## COUNT FOUR: NEGLIGENCE

34.

Plaintiff incorporates herein all the factual allegations in the preceding paragraphs of this Complaint.

35.

Defendant Broemsen is liable for the following tortious acts and omissions, including but not limited to the following violations of the rules of the road, which violations amount to negligence per se:

    (a)    Following too closely in violation of O.C.G.A. § 40-6-49; and

    (b)    Failing to maintain a proper lookout for other traffic.

36.

Defendant Duke Energy is liable for the acts and omissions of its employees and agents,

*Bass v. Duke Energy, et al.*  
Complaint  
State Court of Gwinnett County – CAFN: TBD  
Page 6 of 9

Copy from re:SearchGA

including Defendant Broemsen, pursuant to O.C.G.A. § 51-2-2.

37.

The conduct of Defendants Duke Energy and Broemsen, individually and in concert with each other, proximately caused the collision and resulting damages.

## DAMAGES CLAIMED

38.

The damages claimed by Plaintiff are proximately caused by the tortious acts and omissions of Defendants Duke Energy and Broemsen, for which they are liable jointly and severally.

39.

Plaintiff claims the following damages, to which he is entitled to recover:

(a) all components of the mental and physical pain and suffering, past, present, and future, endured by Plaintiff as defined by Georgia law and to be determined by the enlightened conscience of a fair and impartial jury;

(b) medical expenses incurred and to be incurred as a result of the subject collision, in such amounts as the jury deems to be the reasonable value of those services; and

(c) past and future lost wages resulting from the subject collision.

Plaintiff's claims exceed $100,000.00.

40.

Plaintiff seeks punitive damages against Defendant Broemsen in an amount sufficient to punish, penalize, and deter him pursuant to O.C.G.A. § 51-12-5.1 in an amount to be determined by the enlightened conscience of a fair and impartial jury.

41.

Plaintiffs seek punitive damages against Defendant Duke Energy in an amount sufficient to

punish, penalize, and deter it pursuant to O.C.G.A. § 51-12-5.1 in an amount to be determined by the enlightened conscience of a fair and impartial jury.

## **PRAYER FOR RELIEF**

42.

WHEREFORE Plaintiffs pray for the following relief:

(a) That summons issue requiring Defendants to appear as provided by law to answer this Complaint;

(b) That Plaintiffs have a trial by jury;

(c) That Plaintiffs have and recover all damages for all losses compensable under Georgia law as set forth above;

(d) That punitive damages be assessed against Defendants;

(e) That all costs be cast against Defendants; and

(f) For such other and further relief as the Court shall deem just and appropriate.

Dated this 28th day of May 2021.

COOK LAW GROUP, LLC.

*/s/ Matthew E. Cook*
Matthew E. Cook
Georgia Bar No. 184399
Kate S. Cook
Georgia Bar No. 280584
Robert H. Childres III
Georgia Bar No. 721558
Nathan R. Nicholson
Georgia Bar No. 390553
P.O. Box 2415
Gainesville, GA 30503
(678) 928-3899 (p)
(888) 612-0589 (f)
matt@cook-lawgroup.com
kate@cook-lawgroup.com

Copy from re:SearchGA

robert@cook-lawgroup.com
nathan@cook-lawgroup.com

FERGUSON LAW GROUP, LLC
Jason M. Ferguson
Georgia Bar No. 258746
P.O Box 1929
Tifton, GA 31793
T:(706) 708-5586
F: (888) 390-4493
jason@jmflegal.com

*Attorneys for Plaintiffs*

Copy from re:SearchGA